185

(No. 76-970—)

STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Claimant,
vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1976.*

STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

The record in this cause indicates the purpose for which this claim was filed was for the payment of FICA contributions in accordance with schedules authorized and determined by law and that the Attorney General has submitted a Stipulation by Respondent based upon information forwarded to his office by the Legal Advisor to the Speaker of the House of Representatives of the Illinois Legislature, as evidenced by the departmental report attached to the Stipulation by Respondent.

Accordingly, this Court finds that this was a properly authorized expenditure by the House of Representatives. No part of this expenditure has been paid, and the total outstanding is $144.74. Money was appropriated under appropriation and fund #001-10120-1900-0400 and #001-10120-1900-0300 of which appropriation there were insufficient funds from which to pay these contributions.

The Social Security Enabling Act, *Ill.Rev.Stat., Ch. 108-1/2, §21-101, 21-123,* specifically provides that:

Each political subdivision or instrumentality as to which a plan has been approved under "the 1951 Act" or this article shall pay into the Social Security Contribution Fund, with respect to wages at such time or times as the State Agency may by regulation prescribe, contributions in the amount and at the rates specified in the applicable agreement entered into by the State Agency.

The Constitution of 1970 provides in Art. VIII, Sec. 1 that:

Section 1. General Provisions

(a) Public funds, property or credit shall be used only for public purposes.

(b) The State, units of local government and school districts shall incur obligations for payment or make payments from public funds only as authorized by law or ordinance.

The General Assembly, realizing that budgetary problems would arise from time to time, authorized the binding of the State in excess of moneys appropriated as follows:

No officer, institution, department, board, or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law.

Accordingly, this Court finds that the expenditures for which claim is made was an obligation "expressly authorized by law."

It is hereby ordered that the Claimant be awarded, in full satisfaction of any and all claims presented to the State of Illinois under the above-captioned cause, the sum of One Hundred Forty-Four and 74/100 Dollars ($144.74).